IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


| | |
|---|---|
| DIANNA ROBERTS, | CV 02-499-BR |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| WMC MORTGAGE CORP.; FINANCIAL LINK; DAVE LAVALLEY; NORTHWEST TRUSTEE SERVICES, LLC; BANK ONE, N.A.; CHICAGO TITLE INSURANCE COMPANY OF OREGON; MARGARET A. HARBAUGH; CAROLYN KNAUB; and REGIONAL TRUSTEE SERVICES CORPORATION, | |
| Defendants. | |


**DIANNA ROBERTS**
17932 N.E. Wasco
Portland, OR  97230

    Plaintiff, *Pro Se*


**LINDA JOHANNSEN**
**JOHN E. KENNEDY**
Preston Gates & Ellis LLP
222 S.W. Columbia Street, Suite 1400
Portland, OR  97663
(503) 248-9085


 1 - OPINION AND ORDER

      Attorneys for Defendants

**BROWN, Judge.**

This matter comes before the Court on Plaintiff's Motion to Reopen Discovery for Good Cause (#205), Plaintiff's Motion to Compel Answers to Depositions Upon Written Questions to Defendants Bank One and WMC Mortgage (#208), and Plaintiff's Motion to Extend Time Deadline (#215).  For the reasons that follow, the Court **DENIES** Plaintiff's Motions to reopen discovery and to compel, and **GRANTS** Plaintiff's Motion for an extension of time.

## BACKGROUND

Plaintiff, appearing *pro se*, filed her Complaint on April 17, 2002.  With leave of the Court, Plaintiff filed her First Amended Complaint on June 23, 2003, naming only WMC Mortgage Corporation, Bank One, and Fairbanks Capital Corporation as Defendants.  All other Defendants were previously dismissed from this action.  During the course of this litigation, Plaintiff has served on Defendants multiple requests for discovery, including requests for admissions, interrogatories, and depositions by written questions.  Plaintiff has filed six motions to compel and three motions to extend the discovery deadline.  On June 18, 2003, the Court

granted in part Plaintiff's Motion to Compel Answers to Depositions Upon Written Questions even though the Motion was filed after the close of discovery.  Plaintiff now seeks yet another extension and an order compelling further discovery. Defendants oppose these motions.

### **PLAINTIFF'S MOTION TO COMPEL ANSWERS TO DEPOSITIONS UPON WRITTEN QUESTIONS TO DEFENDANTS BANK ONE AND WMC MORTGAGE**

The last discovery deadline expired on April 18, 2003. On April 28, 2003, the Court instructed the parties that no further discovery motions would be permitted.  After that date, Plaintiff continued to seek discovery from Defendants and filed the present Motion to Compel on August 4, 2003.

Plaintiff now contends the answers Defendants provided to her written deposition questions are inadequate.  Plaintiff asserts Defendants' answers are not adequately authenticated and would not be admissible to support Plaintiff's prospective motion for summary judgment.  In response, Defendants waive any evidentiary objections to the use of their answers in the summary judgment process or at trial.

Plaintiff also contends Defendants do not adequately identify the author of their answers.  The answers, however, are certified by representatives of the Defendants who have authority to speak for and to bind each Defendant.  Nothing

3 - OPINION AND ORDER

further is required.

Accordingly, the Court denies Plaintiff's Motion to Compel.

### **PLAINTIFF'S MOTION TO REOPEN DISCOVERY FOR GOOD CAUSE**

Plaintiff asks the Court to reopen discovery so that she can serve requests for documents, interrogatories, and requests for admissions on Defendants Fairbanks Capital Corporation and Bank One. Plaintiff contends additional discovery is necessary because in her First Amended Complaint, which she filed after the close of discovery, she named Fairbanks Capital Corporation as an additional Defendant and added a new claim. The record in this case, however, reveals Plaintiff has been aware of the involvement of Fairbanks since the outset of the case. She was not prevented from pursuing discovery from Fairbanks before the close of the discovery period on April 18, 2003. Moreover, the new claim included in Plaintiff's First Amended Complaint does not require additional discovery. Plaintiff did not add any new factual allegations to her Complaint, the facts underlying her new claim were pled in her original Complaint, and Plaintiff has had a full year to pursue discovery as to those facts. The Court, therefore, finds Plaintiff has had ample time to

4 - OPINION AND ORDER

complete discovery even after taking into account her *pro se* status.

Accordingly, the Court denies Plaintiff's Motion to Reopen Discovery.

## PLAINTIFF'S MOTION TO EXTEND TIME DEADLINE

The deadline for filing dispositive motions expired on September 2, 2003.  Because Plaintiff's discovery motions were still under advisement at the time the dispositive motion deadline expired, Plaintiff seeks additional time to file a motion for summary judgment.

Plaintiff's discovery motions have now been denied, and Plaintiff is prepared to file her motion for summary judgment.  Accordingly, the Court grants Plaintiff's Motion to Extend Deadline.  Plaintiff's Motion for Summary Judgment is due no later than September 30, 2003.  The Court reminds Plaintiff any summary judgment motion filed must comply with both Federal Rule of Civil Procedure 56 and Local Rule 56.1.

## CONCLUSION

For these reasons, the Court **DENIES** Plaintiff's Motion to Reopen Discovery for Good Cause (#205) and Plaintiff's Motion to Compel Answers to Depositions Upon Written Questions to

5 - OPINION AND ORDER

Defendants Bank One and WMC Mortgage (#208).  The Court **GRANTS** Plaintiff's Motion to Extend Time Deadline (#213) and the deadline for filing Plaintiff's motion for summary judgment is

6 - OPINION AND ORDER

extended to September 30, 2003.

IT IS SO ORDERED.

DATED this 12th day of September, 2003.


/s/ Anna J. Brown


_____
ANNA J. BROWN
United States District Judge

7 - OPINION AND ORDER